```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
ROWE PLASTIC SURGERY OF NEW JERSEY,       :
L.L.C., and EAST COAST PLASTIC            :
SURGERY, P.C.,                            :      23cv8529 (DLC)
                        Plaintiffs,       :
                                          :      OPINION AND
             -v-                          :         ORDER
                                          :
AETNA LIFE INSURANCE COMPANY,             :
                        Defendant.        :
----------------------------------------- X
```

APPEARANCES:

For plaintiffs Rowe Plastic Surgery of New Jersey, L.L.C. and East Coast Plastic Surgery, P.C.:
Brendan J. Kearns
Michael Baglio, I
Lewin & Baglio, LLP
1100 Shames Drive
Suite 100
Westbury, New York 11590

For defendant Aetna Life Insurance Company:
Adam Joseph Petitt
Robinson & Cole LLP
1650 Market Street
Ste 3030
Philadelphia, PA 19103

DENISE COTE, District Judge:

Rowe Plastic Surgery of New Jersey, LLC ("RPSNJ") and East Coast Plastic Surgery, P.C. ("ECPS"), which are medical practices, have brought this action to recover damages from defendant Aetna Life Insurance Company ("Aetna") for underpayment of an insurance claim. The plaintiffs assert that they were misled by Aetna during a telephone conversation they

had placed to confirm the amount of insurance coverage. Aetna has moved to dismiss the amended complaint ("FAC"). For the following reasons, the motion is granted.

## BACKGROUND

The following facts are taken from the FAC. For the purposes of deciding this motion, its factual allegations are accepted as true, and all reasonable inferences are drawn in the plaintiffs' favor.

RPSNJ and ECPS are plastic surgery practices. The plaintiffs' patient, LB, was a candidate for breast reduction surgery. Aetna was LB's insurer. The plaintiffs were out-of-network providers under LB's insurance plan.

On or around January 21, 2022, the plaintiffs' employee called Aetna using the telephone number provided by Aetna "for the purpose of obtaining insurance payment and coverage information." Michael, the Aetna employee who answered the telephone, said that Aetna would calculate the reimbursement for the services rendered to LB using "80% reasonable and customary." The plaintiffs understood this to mean that Aetna would reimburse them for 80% of the cost charged by other similar medical providers, within the same geographic area or market as the plaintiffs, to provide a reduction mammaplasty.

Aetna also informed RPSNJ and ECPS that it had determined that reduction mammaplasty was medically necessary for LB.

On June 23, 2022, RPSNJ and ECPS rendered a reduction mammaplasty to LB. When the plaintiffs submitted bills for a total of $269,884.38, Aetna only paid $1,902.05 to plaintiff RPSNJ and $1,431.32 to plaintiff ECPS. The plaintiffs allege that this was an underpayment under a reimbursement rate of "80% reasonable and customary".

The plaintiffs first filed this action on June 20, 2023, in the Eastern District of New York. It was transferred to the Southern District of New York on September 27. After the defendant provided the plaintiffs with an audio file of the telephone conversation referenced in the Complaint, the plaintiffs filed the FAC on November 13. The FAC asserts four causes of action: (1) breach of contract, (2) unjust enrichment, (3) promissory estoppel, and (4) fraudulent inducement. The plaintiffs seek $134,193.03 in compensatory damages.

On November 22, the defendant moved to dismiss the FAC. In support of its motion to dismiss, Aetna submitted a transcript of the January 21, 2022 call between the plaintiffs' employee and the Aetna employee. The transcript is integral to the FAC, see Clark v. Hanley, 89 F.4th 78, 93 (2d Cir. 2023), and the

plaintiffs do not object to the Court's consideration of the transcript.

## DISCUSSION

This action is one of several similar actions brought in this district against Aetna. The Honorable Jed S. Rakoff has dismissed one of those actions, and this Opinion largely adopts his reasons for doing so. See Rowe Plastic Surgery of New Jersey, LLC v. Aetna Life Insurance Company, No. 23-cv-8521 (JSR), 2023 WL 8534865 (S.D.N.Y. Dec. 11, 2023) (the "December Opinion"). Familiarity with the December Opinion is assumed.

For the reasons set forth in the December Opinion, the plaintiffs' claims for breach of contract, unjust enrichment, promissory estoppel, and fraudulent inducement are legally inadequate and must be dismissed. In brief, the claims for breach of contract and promissory estoppel must be dismissed because no reasonable person would infer that Aetna's employee made an offer or promise to pay a particular amount to the plaintiffs; the unjust enrichment claim must be dismissed because there is no allegation that a benefit was conferred upon the defendant or that a service was provided to the defendant at the defendant's request; and the fraudulent inducement claim must be dismissed because the plaintiffs did not adequately allege why the Aetna employee's statement that the reimbursement

was based on "80% Reasonable and Customary" was fraudulent. 2023 WL 8534865, at *4-7.

The only remaining issue is whether the plaintiffs should be given leave to amend. "Leave to amend should be freely given when justice so requires." Meyer v. Seidel, 89 F.4th 117, 139 (2d Cir. 2023); Fed R. Civ. P. 15(a)(2). Leave to amend need not be granted, however, in cases of "futility of amendment." Meyer v. Seidel, 89 F.4th at 140.

In a single sentence in the conclusion of their memorandum of opposition to the motion to dismiss, the plaintiffs seek leave to amend the complaint to add an allegation that the "80 percent Reasonable and Customary" rate, which is offered in the transcript, "is not the reimbursement contained in the patient's plan." In their opposition, they also seek discovery to obtain a copy of the plan and learn whether the rate is or is not "80 percent Reasonable and Customary."

The plaintiffs have not explained how the proposed amendment would cure any of the deficiencies in the FAC's four claims. Nor have they attached a copy of their proposed amended pleading. As noted, the plaintiffs have already amended the complaint once. Even if the plaintiffs could allege that the reimbursement methodology described in the telephone call was not the methodology used in the plan, this amendment would not

5

state a breach of contract, promissory estoppel, unjust enrichment, or fraudulent inducement claim. A misstatement of the plan rate on a benefits verification call would not have created an offer or a valid agreement; it would not have conferred a benefit on the insurer; it would not have constituted a promise to pay a particular amount; and it would not constitute fraud sufficient to meet the pleading standards of Fed R. Civ. P. 9(b). Moreover, it is not clear that this amendment would conform to the requirements of Fed. R. Civ. P. 11.

## CONCLUSION

The defendant's November 22, 2023 motion to dismiss the amended complaint with prejudice is granted.

Dated:   New York, New York
         February 1, 2024

                                    _____
                                    DENISE COTE
                                    United States District Judge